*E-FILED - 5/11/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE HAMILTON, | ) | No. C 10-1436 RMW (PR) |
| Plaintiff, | ) ) | ORDER DISMISSING WITH LEAVE TO AMEND; DENYING MOTION FOR INJUNCTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | ) ) ) | |
| NURSE DEBRA TYLER, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 3, 4) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The court will DISMISS the complaint with leave to amend, DENY plaintiff's motion for an injunction, and DENY plaintiff's motion for appointment of counsel.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff's complaint is a rambling narrative of events in which plaintiff attempts to describe what were violations of his constitutional rights. "The Federal Rules require that averments 'be simple, concise, and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Prolix, confusing complaints such as the one plaintiff filed in this case impose unfair burdens on litigants and judges and fail to perform the essential functions of a complaint. Id. at 1179-80. Plaintiff's complaint is written in a manner that is difficult to determine what exactly plaintiff's grounds for relief are. For example, plaintiff states, "Plaintiff further alleges his preventable dabilitating [sic] deteriorating excruciatingly painful condition which has deprived plaintiff of all outdoor yard programs or activities including showers which has culminated in bed rashes were proximated by Defendant Hernandez's retaliatorly [sic] harbored deprivation

of proper medical treatment. Thereto these Defendants Hernandez, Evans, Cate, actions and ratifications were without medical justrication and thus didn't advance any legitimate penological goals but were imposed to "chill" plaintiff's exercise of his First Amendment rights, however, these defendants maliciously sadistical [sic] actions culminated in physical and psychological harm for plaintiff's petitioning the government against defendants Tyler, Schere, Bowman." (Complaint 31-32.).

Plaintiff should state each claim separately, and for each separately claimed violation of his constitutional rights, he must state what occurred and the date(s) on which the events occurred. He also must identify each defendant he proposes to hold liable for each claim, and allege facts showing what each of those persons did or failed to do that violated his constitutional rights. Plaintiff is also advised that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. To defeat summary judgment, plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. Id. at 634. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff shall bear in mind that a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights also fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

For these reasons, the complaint will be dismissed with leave to amend to file an amended complaint containing all the claims plaintiff wishes to present. The complaint must be divided into claims, one for each distinct event in which he contends there were violations of his

1  rights, and with the defendants as to each claim identified.  Plaintiff should avoid argument,
2  inflammatory language and unnecessary detail.  Plaintiff is also cautioned against stating legal
3  conclusions without any factual support.
4        Accordingly, plaintiff's complaint is DISMISSED with leave to amend.  Within **thirty**
5  **(30) days** from the date of this order, if plaintiff can cure the deficiencies specified above,
6  plaintiff shall file an amended complaint.  The amended complaint must indicate which specific,
7  named defendant(s) were involved, what each defendant did, what effect this had on plaintiff and
8  what right plaintiff alleges was violated.  The amended complaint supersedes the initial
9  complaint.  The amended complaint may not incorporate by reference any parts of the original
10 complaint or filings in another action.  The amended complaint must be a completely new and
11 self-contained document.  **Failure to file an amended complaint in accordance with this**
12 **order will result in dismissal of plaintiff's claims.**
13 C.     <u>Motion for Injunction</u>
14       Plaintiff has filed a motion for an injunction.  A preliminary injunction may be granted
15 without written or oral notice to the adverse party or that party's attorney only if:  (1) it clearly
16 appears from specific facts shown by affidavit or by the verified complaint that immediate and
17 irreparable injury, loss or damage will result to the applicant before the adverse party or the
18 party's attorney can be heard in opposition, and (2) the applicant certifies in writing the efforts,
19 if any, that have been made to give notice and the reasons supporting the claim that notice should
20 not be required.  Fed. R. Civ. P. 65(b).  Neither is the case here.  Accordingly, plaintiff's motion
21 for an injunction is DENIED.
22 D.     <u>Motion for Appointment of Counsel</u>
23       There is no constitutional right to counsel in a civil case unless an indigent litigant may
24 lose his physical liberty if he loses the litigation.  <u>See</u> <u>Lassiter v. Dep't. of Soc. Servs.</u>, 452 U.S.
25 18, 25 (1981).  The court may ask counsel to represent an indigent litigant under 28 U.S.C.
26 § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of
27 both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his
28

Order of Dismissal with Leave to Amend; Denying Motion for Injunction; Denying Motion for Appointment of Counsel
P:\PRO-SE\SJ.Rmw\CR.10\Hamilton436dwla.wpd    4

claims pro se in light of the complexity of the legal issues involved. See id. at 1525. Both of these factors must be viewed together before reaching a decision on a request for counsel under 28 U.S.C. § 1915. See id.

The court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the court to determine plaintiff's likelihood of success on the merits. Accordingly, the request for appointment of counsel at this time is DENIED. This does not mean, however, that the court will not consider appointment of counsel at a later juncture in the proceedings, that is, after plaintiff has filed an amended complaint, defendants have been served, and defendants have filed their dispositive motion. Therefore, plaintiff may file a renewed motion for the appointment of counsel at that time, when the court will have a better understanding of the procedural and substantive matters at issue.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff's motion for an injunction is DENIED. Plaintiff's motion for appointment of counsel is DENIED.

2. If plaintiff can cure the pleading deficiencies described above, plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 10-1436 RMW (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

1        4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff's must keep the
2   court informed of any change of address by filing a separate paper with the clerk headed "Notice
3   of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
4   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
5   of Civil Procedure 41(b).
6        This order terminates docket numbers 3 and 4.
7        IT IS SO ORDERED.
8   DATED: __5/11/10__                    _Ronald M. Whyte_
                                            RONALD M. WHYTE
9                                           United States District Judge