***E-FILED - 8/2/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HAMILTON,<br><br>    Plaintiff,<br><br>  v.<br><br>NURSE DEBRA TYLER, et al.,<br><br>    Defendants. | No. C 10-1436 RMW (PR)<br><br>ORDER DISMISSING WITH LEAVE TO AMEND; DENYING RENEWED MOTION FOR INJUNCTION; DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docket Nos. 8, 9) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On May 11, 2010, the court dismissed the complaint with leave to amend so that the allegations would be simple and concise. On June 1, 2010, plaintiff filed an amended complaint. The court again DISMISSES the complaint with leave to amend, DENIES plaintiff's renewed motion for an injunction, and DENIES plaintiff's renewed motion for appointment of counsel.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

1  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
2  seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),
3  (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police
4  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
5        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
6  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
7  statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds
8  upon which it rests.'""  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
9  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
10 plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
11 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
12 do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."
13  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations
14 omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on
15 its face."  Id. at 1974.
16       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
17 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
18 the alleged violation was committed by a person acting under the color of state law.  See West v.
19 Atkins, 487 U.S. 42, 48 (1988).
20 B.    Analysis
21       In the court's May 11, 2010 order, it instructed plaintiff to "state each claim separately,
22 and for each separately claimed violation of his constitutional rights, [plaintiff] must state what
23 occurred and the date(s) on which the events occurred.  He also must identify each defendant he
24 proposes to hold liable for each claim, and allege facts showing what each of those persons did
25 or failed to do that violated his constitutional rights."  In plaintiff's amended complaint, although
26 plaintiff did heed the court's direction in that he stated each claim separately and attempted to
27 shorten his claims, plaintiff again failed to describe the alleged events that occurred.  Plaintiff
28

further has not identified any supporting facts showing what each of the defendants did or did not do that violated his rights.

The court has already advised plaintiff that even at the pleading stage, "[a] plaintiff **must allege facts, not simply conclusions**, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added). Plaintiff shall bear in mind that a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights also fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

For these reasons, the amended complaint will be dismissed with leave to amend to file a second amended complaint containing all the claims plaintiff wishes to present. The second amended complaint must be divided into claims, one for each distinct event in which he contends there were violations of his rights, and with the defendants as to each claim identified. Plaintiff should avoid argument, inflammatory language and unnecessary detail. **Plaintiff is also cautioned against stating legal conclusions without any factual support.**

In the second amended complaint, in order to state a claim for relief, plaintiff must allege facts demonstrating that acts by *each* named defendant deprived him of a protected right. He may not allege in summary fashion that his constitutional rights were violated by named defendants. As plaintiff's amended complaint currently reads, for example, plaintiff alleges that defendant Debra Tyler was deliberately indifferent to plaintiff's medical needs regarding his spinal condition, however, plaintiff does not proffer what the circumstances surrounding those needs were or Tyler's response to that need. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (noting that a determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In plaintiff's second amended complaint, if plaintiff can do so in good faith, he must allege facts which support each element of each theory of liability.

1  For example, plaintiff must state what his serious medical need is, what Debra Tyler did or did
2  not do in response to that need, and what, if any, harm resulted.  See McGuckin, 974 F.2d at
3  1060.  **Thus, the second amended complaint must indicate which specific, named**
4  **defendant(s) was involved in each cause of action, what each defendant did, what effect this**
5  **had on plaintiff and what right plaintiff alleges was violated.**
6  　　　　　The court appreciates that plaintiff is proceeding pro se and has attempted to comply with
7  the May 11, 2010 order.  For that, the court will allow plaintiff one more opportunity to cure the
8  stated deficiencies.  Accordingly, plaintiff's amended complaint is DISMISSED with leave to
9  amend.  Within **thirty (30) days** from the date of this order, if plaintiff can cure the deficiencies
10 specified above, plaintiff shall file a second amended complaint.  The second amended complaint
11 will supercede all previous complaints.  The second amended complaint may not incorporate by
12 reference any parts of the previous complaints or filings in another action.  The second amended
13 complaint must be a completely new and self-contained document.  **Failure to file a second**
14 **amended complaint in accordance with this order will result in dismissal of plaintiff's**
15 **claims.**
16 C.　　　Renewed Emergency Motion for Injunction
17 　　　　　Plaintiff has filed a renewed motion for an injunction.  Plaintiff raises nothing new in his
18 renewed motion for an injunction.  For the reasons stated in the court's May 11, 2010 order,
19 plaintiff's renewed motion is DENIED.
20 D.　　　Renewed Motion for Appointment of Counsel
21 　　　　　Plaintiff raises nothing new in his renewed motion for appointment of counsel.  For the
22 reasons stated in the court's May 11, 2010 order, the renewed motion is DENIED.
23 **CONCLUSION**
24 　　　　　For the foregoing reasons, the court hereby orders as follows:
25 　　　　1.　　　Plaintiff's amended complaint is DISMISSED with leave to amend.  Plaintiff's
26 renewed motion for an injunction is DENIED.  Plaintiff's renewed motion for appointment of
27 counsel is DENIED.
28

Order Dismissing with Leave to Amend; Denying Renewed Motion for Injunction; Denying Renewed Motion for
Appointment of Counsel
P:\PRO-SE\SJ.Rmw\CR.10\Hamilton436dwla2.wpd        4

1      2.      If plaintiff can cure the pleading deficiencies described above, plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 10-1436 RMW (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference.

If plaintiff chooses to file a second amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. Plaintiff may not, for example, allege in summary fashion that defendant X was deliberately indifferent to his pain and suffering; rather, he must allege not only that defendant X knew that a serious harm existed and failed to abate it, but also offer facts that establish that the defendant's action or inaction violated federal law. **Failure to file a second amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

       3.      Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

       4.      It is the plaintiff's responsibility to prosecute this case. Plaintiff's must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       This order terminates docket numbers 8 and 9.

       IT IS SO ORDERED.

DATED: 7/30/10

*Ronald M. Whyte* (signature)
RONALD M. WHYTE
United States District Judge