*E-FILED - 10/5/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE HAMILTON, | ) | No. C 10-1436 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| NURSE DEBRA TYLER, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  On May 11, 2010, the court dismissed the complaint with leave to amend to revise his allegations to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  On June 1, 2010, plaintiff filed an amended complaint.  On August 2, 2010, the court dismissed the amended complaint with leave to amend, noting that while plaintiff had modified his complaint, it was still unintelligible and failed to comply with Rule 8(a).  On September 1, 2010, plaintiff filed a second amended complaint.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.10\Hamilton436dis.wpd

1  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
2  seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),
3  (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
4  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
6  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
7  statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds
8  upon which it rests.'"" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
9  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
10  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
11  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
12  do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."
13  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations
14  omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on
15  its face." Id. at 1974.

16        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
17  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
18  the alleged violation was committed by a person acting under the color of state law. See West v.
19  Atkins, 487 U.S. 42, 48 (1988).

20  B.    <u>Analysis</u>

21        In the court's May 11, 2010 order, it instructed plaintiff to "state each claim separately,
22  and for each separately claimed violation of his constitutional rights, [plaintiff] must state what
23  occurred and the date(s) on which the events occurred. He also must identify each defendant he
24  proposes to hold liable for each claim, and allege facts showing what each of those persons did
25  or failed to do that violated his constitutional rights." In plaintiff's amended complaint, although
26  plaintiff attempted to state each claim separately and shorten his claims, he still failed to describe
27  the alleged events that occurred. Plaintiff did not identify any supporting facts showing what
28  each of the defendants did or did not do that violated his rights.

1    In the court's August 2, 2010 order, it again observed that plaintiff's claims failed to
2 allege specific facts rather than conclusions.  The court specifically advised plaintiff that "in
3 order to state a claim for relief, plaintiff must allege facts demonstrating that acts by *each* named
4 defendant deprived him of a protected right.  He may not allege in summary fashion that his
5 constitutional rights were violated by named defendants."  In plaintiff's second amended
6 complaint, he again falls short of complying with Rule 8(a).

    Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and
plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(e) requires that
each averment of a pleading be "simple, concise, and direct," and the failure to adhere to this
requirement may be the basis for dismissal.  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.
1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with
redundancy, and largely irrelevant").  The second amended complaint suffers from the same
conclusory and redundant statements as the original and first amended complaints. While there
appears to be some allegation regarding a deliberate indifference to serious medical needs and
retaliation, the court cannot decipher the circumstances surrounding each specific incident, nor
can the court determine what the specific acts or omissions of each defendant were that allegedly
violated plaintiff's civil rights.  For example:

> Plaintiff alleges on May 2, 2008, while imprisoned at Salinas Valley State
> Prison Defendant Debra Tyler, Family Nurse Practitioner, violated plaintiff's
> Eighth Amendment rights to adequate medical care for his serious medical
> needs and as the direct and proximate cause of Defendant Tyler's inadequate
> medical care plaintiff sustained additional cervical spine damage.  In Tyler's
> failing to perform her legally required duties to prevent violations of
> plaintiff's rights on May 18, 2008 where plaintiff fell in the shower while
> attempting to go from his wheelchair to a shower bench.

(Second Amended Complaint at 19.)  "[A] plaintiff's obligation to provide the grounds of his
'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of
the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a
right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-
56 (2007) (citations omitted).  The court has give plaintiff two opportunities to state cognizable
claims for relief.  As plaintiff did not cure the deficiencies in his original or amended complaints,

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.10\Hamilton436dis.wpd     3

1 there is no reason to assume that he could or would do so with further leave to amend.
2 Consequently, this action will be dismissed.

## CONCLUSION

Plaintiff's second amended complaint is DISMISSED. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 10/4/10

RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.10\Hamilton436dis.wpd       4